| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA ) | | IN CIRCUIT COURT |
| ) SS | | |
| COUNTY OF MINNEHAHA ) | | SECOND JUDICIAL CIRCUIT |

| | | |
|---|---|---|
| CAROLINE STOKKE, | * | CIV. 11- |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | NOTICE AND ADMISSION |
| | * | OF SERVICE OF SUMMONS |
| STATE FARM MUTUAL | * | |
| AUTOMOBILE INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendant. | * | |

## NOTICE

TO: MERLE SCHEIBER, Director of Insurance and registered agent for STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

The enclosed Summons and Complaint is served pursuant to S.D.C.L. § 15-6-4.

You must complete the Admission and return one copy of the completed form to the sender within twenty (20) days.

You must sign and date the Admission. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days, you (or the party on who's behalf you are being served) may be required to pay any expenses incurred in serving a Summons and Complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on who's behalf you are being

served) must answer within thirty (30) days. If you fail to do so, judgment by default will be taken against you for the relief demanded.

I hereby certify that this Notice and Admission of Service was mailed on the ___5___ day of ___April___, 2011.

                                           RADKE LAW OFFICE, P.C.
                                           Attorneys for Plaintiff

By: _____
                                           FOR THE FIRM
                                           3500 S. First Avenue Circle
                                           Suite 201
                                           Sioux Falls, SD 57105-5802
                                           Phone: (605) 575-2603
                                           Fax: (605) 575-2606

## ADMISSION OF SERVICE OF PETITION

I, MERLE SCHIEBER, Director of Insurance and registered agent for STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, hereby admit personal service of the enclosed copy of the Summons, with regard to the above-entitled matter; having received said documents at _____.

Dated this _____ day of _____, 2011.

                                             _____
                                             MERLE SCHEIBER, Director of Insurance

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA ) | | IN CIRCUIT COURT |
| ) SS | | |
| COUNTY OF MINNEHAHA ) | | SECOND JUDICIAL CIRCUIT |

| | | |
|---|---|---|
| CAROLINE STOKKE, | * | CIV. 11- |
| Plaintiff, | * | |
| vs. | * | COMPLAINT |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * | |
| Defendant. | * | |

Plaintiff, Caroline Stokke, for her Complaint against Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1. That Plaintiff, Caroline Stokke, at all times relevant hereto, was a resident of Sioux Falls, Minnehaha County, South Dakota.

2. That Defendant, State Farm Mutual Automobile Insurance Company is a foreign insurance company with a home office in Bloomington, Illinois, and licensed to do business in the state of South Dakota.

3. That on or about December 17, 2009, at approximately 5:20 p.m., Plaintiff was involved in a motor vehicle accident in Sioux Falls, Minnehaha County, South Dakota, wherein a vehicle operated by Krystal Tiffany (hereafter referred to as "Tiffany") rear-ended Plaintiff's stopped vehicle, which in turn was pushed into the vehicle stopped directly in front of Plaintiff.

4. That as result of the collision, Plaintiff sustained physical injuries to include a right shoulder rotator cuff tear which required surgical intervention and resulted in significant lost wages.

5. That at the time of the accident, the Tiffany vehicle was insured through Progressive Insurance which had applicable policy limits of $25,000.00.

6. That at the time of the accident Plaintiff had in effect a policy of automobile insurance through Defendant, carrying $100,000 policy limits of applicable underinsured motorist benefits.

7. That at the time of the accident, Tiffany was driving an "underinsured vehicle" within the meaning of the Plaintiff's policy of insurance with Defendant.

8. That on November 12, 2010, Plaintiff notified Defendant she was making a claim for underindured coverage and provided all medical records, expenses, and employment records generated to date.

9. That Plaintiff also notified Defendant that Progressive Insurance was offering to settle for its policy limits and sought permission from Defendant to settle her underlying claim, or in the alternative, requested that Defendant substitute a draft for the offered settlement amount.

10. That on November 19, 2010, Defendant consented to a settlement of the tort claim against Tiffany for the $25,000.00 policy limits, however, denied Plaintiff's claim for any underinsured motorist benefits, as it disputed causation for the shoulder injury.

11. That on November 29, 2010, Plaintiff settled the underlying claim against Tiffany with Progressive Insurance for its policy limits of $25,000.00.

12. That since denial of underinsured coverage, Plaintiff has made several additional requests for coverage and in doing so, provided additional documentation pertaining to her injuries at Defendant's request.

13. That the information requested by Defendant and provided by Plaintiff substantiates causation for Plaintiff's shoulder injury.

14. That to date, Defendant has denied Plaintiff's the claim for underinsured motorist benefits.

## COUNT 1
## BREACH OF CONTRACT

Plaintiff realleges paragraphs 1 through 14 inclusive as if fully set forth herein.

15. That Plaintiff's insurance policy through Defendant provided coverage for underinsured motorist benefits in the amount of $100,000.00.

16. That Plaintiff is entitled to recover the amount of money that will fairly and reasonably compensate her for losses not to exceed the $100,000.00 policy limits, minus the $25,000.00 coverage limits provided by Tiffany's liability policy.

17. That Defendant breached its contractual obligation by failing to conduct a reasonable investigation and by failing to pay reasonable benefits to Plaintiff as required by the insurance contract and South Dakota law.

## COUNT II
## VEXATIOUS DENIAL

Plaintiff realleges paragraphs 1 through 17 inclusive, as if fully set forth herein.

18. Despite its duty to Plaintiff, Defendant vexatiously and unreasonably refused to pay Plaintiff underinsured motorist benefits pursuant to S.D.C.L. 58-11-9.5. Therefore, Plaintiff should be reimbursed for her attorney's fees in accordance with S.D.C.L. 58-12-3.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. For judgment against Defendant for Plaintiff's cause of action for breach of contract.

2. For judgment against Defendant for Plaintiff's cause of action for vexatious denial.

3. For compensatory damages (past, present, and future), including medical expenses, loss of the enjoyment of life, pain and suffering and attorney's fees.

4. For any other relief as the Court deems just and proper under the circumstances.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated this _____ day of _____, 2011.

RADKE LAW OFFICE, P.C.
Attorneys for Plaintiff

_____
FOR THE FIRM
3500 South First Avenue Circle
Suite 201
Sioux Falls, SD 57105
(605) 575-2603

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA ) | | IN CIRCUIT COURT |
| ) SS | | |
| COUNTY OF MINNEHAHA ) | | SECOND JUDICIAL CIRCUIT |

CAROLINE STOKKE,          *      CIV. 11-

         Plaintiff,          *

vs.          *      SUMMONS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

         Defendant.          *

To the Above-Named Defendant:

You are hereby summoned and required to serve upon Ryan L. Sittner, Plaintiff's attorney, whose address is 3500 South First Avenue Circle, Suite 201, Sioux Falls, South Dakota 57105, an Answer to the Complaint which is herewith served upon you and filed in the office of the Clerk of the Second Judicial Circuit, Minnehaha County, located in Sioux Falls, South Dakota, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.

Dated this _5_ day of _April_____, 2011.

         RADKE LAW OFFICE, P.C.
         Attorneys for Plaintiff

         _____
         FOR THE FIRM
         3500 South First Avenue Circle
         Suite 201
         Sioux Falls, SD 57105
         (605) 575-2603



**Division of Insurance**

445 East Capitol Avenue
Pierre, South Dakota 57501-3185
Phone: 605-773-3563
Fax: 605-773-5369

Rec'd in Corporate Law

APR 11 2011

Litigation Section B-3

April 8, 2011

Attn: Legal Department
State Farm Mutual
Automobile Ins. Co.
One State Farm Plaza
Bloomington, IL 61701

Re: Our File # 11-SC-0034
Caroline Stokke vs. State Farm Mutual Automobile Insurance Company

Pursuant to SDCL 58-6-39, we are enclosing a copy of a Summons and Complaint, a complaint in the above-entitled action in which your company is a party. Service was admitted on the 8th day of April, 2011, at 9:00 a.m.

Should the matter be resolved through a settlement agreement, the Division requests that the settlement agreement not contain a confidentiality agreement that would preclude our obtaining information pertinent to the suit, so as to avoid conflict with the Division's broad statutory mandate allowing us to obtain any information we ask from licensees.

Please contact Eva Briggs at (605)773-4104 should you have any questions.

Sincerely,

Merle Scheiber

Merle Scheiber, Director
S.D. Division of Insurance